SULLIVAN, Justice,
concurring in result.
Justice Dickson's discussion of adverse possession is extremely enlightening and a major contribution to Indiana property law. I agree with the Court's result that the Mingers are not entitled to the real estate in question because they have not shown compliance with Indiana Code Seetion 32-21-7-1. To reach this result, the Court utilizes the doctrine of legislative acquiescence to reconcile the clear conflict between the language of Indiana Code Section 32-21-7-1 and our decision in Echterling interpreting it. Instead, I would use this occasion to overrule Echter-ling altogether and hold that Section 32-21-7-1 must be enforced in accordance with its terms, ie., to establish adverse *494 possession, a person must have "palid] and discharge[d] all taxes and special assessments due on the land or real estate during the period the adverse possessor or claimant claims to have possessed the land or real estate adversely."
I would do so for two reasons. First, as the Court makes clear, Echterling simply does not comport to the mandate of the Legislature and our duty in this respect is to follow its intent. Second, I do not think the claim of legislative acquiescence to Echterling is quite as strong as the Court suggests. While it is true that the Legislature has not taken any steps that suggest disapproval with Echterling, it is equally true that this Court's (relatively few) adverse possession decisions over the intervening half-century. have uniformly rejected claims of adverse possession such that the Legislature may well have concluded that Echterling was not precedent at all. I find only three cases presenting claims of adverse possession adjudicated by this Court since Echterling, and in each of these cases, we unanimously rejected the claim. See Beaver v. Vandall, 547 N.E.2d 802 (Ind.1989); Estate of Mark v. H.H. Smith Co., 547 N.E.2d 796, 799 (Ind. 1989); McCarty v. Sheets, 428 N.E.2d 297, 300-01 (Ind.1981).[1] Analogously, we rejected the claim of a party seeking to establish a prescriptive easement in the recent case of Carnahan v. Moriah Prop. Owners Ass'n, 716 N.E.2d 487 (Ind.1999).
RUCKER, J., concurs.

. But see Short v. Texaco, Inc., 273 Ind. 518, 406 N.E.2d 625 (1980) (upholding the constitutionality of the Mineral Lapse Act that terminated interests in coal, oil, gas, and other minerals not used for 20 years, noting "[the objectives are valid and similar to those served by acts of limitation and the law of adverse possession"").